No. 24-5294
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____


PUBLIC EMPLOYEES FOR ENVIORNMENTAL REPONSIBILITY, et al.
*Plaintiffs-Appellants,*

*v.*

JANE NASHIDA, in her official capacity as Acting Administrator of the EPA, et al
*Defendants-Appellees*

_____

Appeal from the United States District Court for the District of Columbia
No. -24-cv-02194-JEB (Hon. James E. Boasberg)

_____

## NON-BINDING STATEMENT OF ISSUES TO BE RAISED

Pursuant to this Court's December 27, 2024 Order, plaintiffs-appellants Center for Environmental Health and Public Employees for Environmental Responsibility hereby submit the following non-binding statement of issues to be raised in this appeal:

1. Appellants' Complaint in the District Court was based on section 4(f) of the Toxic Substances Control Act (TSCA). 15 U.S.C. §2603(f). This is an action-forcing provision that states that the Environmental Protection Agency (EPA) "*shall*

1

. . . initiate applicable action under section [5, 6 or 7]" when it obtains information indicating "that there may be a reasonable basis to conclude that a chemical substance or mixture presents a significant risk of serious or widespread harm to human beings" (emphasis added). Section 4(f) sets a mandatory deadline for carrying out this duty: EPA must initiate action to prevent or reduce the risk to a sufficient extent "within the 180-day period beginning on the date of the receipt of such information." EPA's obligations under section 4(f) are judicially enforceable under Section 20(a)(2) of TSCA, 15 U.S.C. §2619(a)(2), under which "any person may commence a civil action . . . against the Administrator to perform any act or duty under this Act which is not discretionary."

Plaintiffs' Complaint alleged that EPA had a "reasonable basis to conclude" that the formation of a dangerous substance called Perfluorooctanoic Acid ("PFOA") during the process of fluorinating plastic containers "presents a significant risk of serious or widespread harm to human beings" under section 4(f) and that EPA had accumulated sufficient evidence to trigger section 4(f) by early 2023.

Judge Boasberg nonetheless dismissed the Complaint because, in his view, EPA had discharged any obligation it had under section 4(f) by granting a petition under an unrelated provision of TSCA, section 21, on July 24, 2024, and publishing

a Federal Register notice on September 30, 2024 requesting information that might be relevant to a possible rulemaking on PFOA formation during fluorination.

The first question presented on this appeal is whether these limited, inconclusive and preliminary actions were sufficient to satisfy EPA's duty under section 4(f) to "initiate applicable action under section [5, 6 or 7] to prevent or reduce such risk to a sufficient extent" or determine that the risk is "not unreasonable."

2. Section 7(a) of TSCA, 15 U.S.C. §2606, authorizes EPA to file suit "against any person who manufactures, processes, distributes in commerce, or uses, or disposes of, an imminently hazardous chemical substance or mixture." Under section 7(a)(2) of TSCA, if EPA "has not made a rule under section [6(a)] immediately effective" as authorized by section 6(d)(3)(A), it "shall" commence a suit for immediate injunctive relief where the substance at issue is "imminently hazardous." Because TSCA states that such suits "shall" be brought for "imminently hazardous" chemicals, filing these actions is a non-discretionary duty of EPA and is enforceable in citizens' suits under TSCA section 20(a)(2).

The second question presented on this appeal is whether Judge Boasberg correctly concluded that EPA had no obligation to bring an "imminent hazard" action op to prevent PFOA formation during fluorination because (a) no duty arose under section 20 to bring that action in the absence of a specific statutory deadline

and (b) in any event, such a duty would only have arose if EPA had issued a TSCA section 6(a) rule regulating fluorination but did not make it immediately effective.

Respectfully submitted,

*/s/ Robert M. Sussman*
 Robert M. Sussman
 SUSSMAN & ASSOCIATES
 DC BAR NO. 226746
 3101 Garfield Street, NW
 Washington, DC 20008
 (202) 716-0118
 bobsussman1@comcast.net
 *Attorneys for Plaintiff Center for Environmental Health*

*/s/PaulaDinerstein*
Paula Dinerstein
General Counsel
PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY
DC BAR NO. 333971
*962 Wayne Avenue, Suite 610*
 *Silver Spring, MD 20910*
*202-265-7337*
pdinerstein@peer.org
*Attorneys for Public Employees for Environmental Responsibility*

January 27, 2025