Nos. 24-5294, 25-5015

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al.
*Plaintiffs-Appellants*,

v.

LEE ZELDIN, in his official capacity as Administrator of EPA, et al.
*Defendants-Appellees*.

Appeal from the United States District Court for the District of Columbia
No. 24-cv-02194-JEB (Hon. James E. Boasberg)

RESPONSE TO INHANCE TECHNOLOGIES LLC'S MOTION TO
INTERVENE ON APPEAL

        ADAM R.F. GUSTAFSON
        *Acting Assistant Attorney General*

        ROBERT P. STOCKMAN
        MICHELLE MELTON
        *Attorneys*
        Environment and Natural Resources
        Division
        U.S. Department of Justice
        Post Office Box 7415
        Washington, D.C. 20044
        (202) 532-3251
        michelle.melton@usdoj.gov

1

## INTRODUCTION

The Court should decline to act on Inhance's motion now and instead refer Inhance's motion to the merits panel for consideration along with Inhance's intervention appeal. Among other things, deferring action on Inhance's motion will allow the United States sufficient time to reconsider its underlying position on Inhance's intervention following the change in administration.

## BACKGROUND

Plaintiffs-Appellants Public Employees for Environmental Responsibility and Center for Environmental Health filed suit in the district court alleging the Environmental Protection Agency ("EPA") had nondiscretionary duties to take certain actions under the Toxic Substances Control Act. They named as defendants both EPA and the EPA Administrator in his official capacity.

Inhance Technologies LLC ("Inhance") moved to intervene in the district court proceedings. ECF 11. While that motion was pending, the United States moved to dismiss the underlying case, ECF 13, and ultimately opposed Inhance's motion to intervene, ECF 29.

In an order filed on December 11, 2024, the district court granted the United States' motion to dismiss and denied Inhance's motion to intervene as moot. ECF 33. On December 26, 2024, Plaintiffs filed a notice of appeal. On January 24, 2025, Inhance filed a motion in this Court to intervene in Plaintiffs' appeal

("Appellate Intervention Motion"). On January 29, 2025, Inhance filed its own appeal from the district court's order. ECF 36. On January 29, 2025, this Court consolidated the appeals and designated Inhance's later-in-time appeal as a cross-appeal, but the Court has not yet set a briefing schedule.

## ARGUMENT

In the ordinary course, an unsuccessful movant must appeal the denial of intervention and succeed on appeal in order to be granted party status. Consideration of appellate intervention motions before or in lieu of an intervention appeal short-circuits the normal appeal process and undermines rules governing appellate procedure, and in so doing gives unsuccessful movants an unfair advantage. *See, e.g.*, *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020); *Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000); *cf. Evans v. Synopsys, Inc.*, 34 F.4th 762 (9th Cir. 2022).

The Court should defer consideration of Inhance's Appellate Intervention Motion until the underlying appeals are briefed and carry the motion forward to be decided by the merits panel that will consider both Plaintiffs' and Inhance's appeals. Through Inhance's pending intervention appeal, the Court will consider the very same issue presented by its Appellate Intervention Motion. Were the Court to grant the motion now, the intervention appeal would become moot,

3

depriving the merits panel of the chance to rule on it and consider the issues alongside the underlying merits issues.

Referring the Appellate Intervention Motion to the merits panel will also provide Federal-Defendant Appellees with additional time, following the change in administration, to fully reconsider their position as to whether Inhance satisfies the requirements for intervention and has standing. Full briefing of the intervention issue after this reconsideration could benefit the Court in its resolution of the intervention issue.

## CONCLUSION

For the foregoing reasons, the Court should defer consideration of the intervention issue until briefing on the merits.

Respectfully submitted,

*/s/ Michelle Melton*
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT P. STOCKMAN
MICHELLE MELTON
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3251
michelle.melton@usdoj.gov

March 5, 2025
90-5-1-4-22816

4

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 504 words. I further certify that the motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because I prepared it using Microsoft Word in a proportionally spaced typeface, Times New Roman 14-point. *See* Fed. R. App. P. 27(d)(1)(E).

/s/ Michelle Melton

Counsel for Federal Appellees